**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAMAL JAMAI,** | : | **CIVIL NO. 3:15-CV-1756** |
| | : | |
| **Petitioner,** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **SARAH SALDANA,** *et al.*, | : | |
| | : | |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Kamal Jamai ("Jamai"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), incarcerated at the Pike County Prison, Lords Valley, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on September 8, 2015, challenging his unlawful detention while awaiting a decision from the United States Court of Appeals on his Petition for Review of his final order of removal. (Doc. 1, ¶¶ 15, 17-18). For the reasons set forth below, the petition will be denied.

**I.    Background**

Jamai, a native and citizen of Morocco, who was admitted to the United States at New York, New York on or about January 28, 1999, as a "Non-Immigrant B2 Visa Holder," was issued a notice to appear for removal proceeding under section 240 of the Immigration and Naturalization Act ("INA") on October 22, 2013. (Doc. 1-2, p. 1). The notice to appear charged that he was subject to removal from the United States for violating the following

sections of the INA, as amended: 1) Section 237(a)(2)(A)(iii) "in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, a law relating to a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [sic] at least 1 year was imposed," 2) Section 237(a)(2)(A)(ii) "in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct; and 3) Section 237(a)(2)(A)(I) in that you have been convicted of a crime of moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed.  (Id. at p. 3).

Jamai alleges that he has detained in ICE custody without a bond under 8 U.S.C. § 1226(c) since October 16, 2013.  (Doc. 1, ¶¶ 11-12).  On August 26, 2014, his application for Withholding of Removal under the Convention Against Torture (CAT) was granted by an Immigration Judge.  (Doc. 1-3, pp. 2-20).  The Department of Homeland Security timely appealed.  (Doc. 1-4, p. 2).  The Board of Immigration Appeals reversed the IJ and ordered Jamai removed on December 18, 2014.  (Id. at pp. 2-3).  On January 13, 2015, Jamai filed a Petition for Review and Motion for Stay of Removal with the United States Court of Appeals for the Third Circuit.  (Doc. 1-6).  The motion for a stay was granted on March 12, 2015.  (Id.)  On June 24, 2015, ICE notified Jamai of its "Decision to Continue Detention."  The matter remains pending before the Third Circuit.

## II. **Discussion**

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a ninety day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). While, during the ninety day "removal period," the alien must be detained, see id. § 1231(a)(2), after the ninety day removal period, the government may further detain the alien or release him subject to conditions of release. See id. § 1231(a)(6). Further detention is limited. For instance, in Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that such further detention under § 1231(a)(6) is only permissible for "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689 (holding that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States [and] does not permit indefinite detention").

However, it has been held that the six-month presumptively reasonable post-order-removal period of Zadvydas is tolled when an alien requests judicial review of a removal order and a court orders a stay of removal. See Casas–Castrillon v. Dep't of

3

Homeland Sec., 535 F.3d 942 (9th Cir. 2008) (holding that when a circuit court has granted a stay of removal, "the removal period under § 1231(a) does not begin until [the circuit court] denies the petition and removes the stay of removal."); Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004) (detention "directly associated with a judicial review process that has a definite and evidently impending termination point" is "more akin to detention during the administrative review process, which was upheld [by the Supreme Court]") (citing Demore v. Kim, 538 U.S. 510, 527-29, (2003)); Wang v. Ashcroft, 320 F.3d 130, 145-47 (2d Cir. 2003) (finding "where a court issues a stay pending its review of an administrative removal order," the post-order detention provisions of § 1231 do not apply because "the removal period commences on 'the date of the court's final order' "); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n. 4 (11th Cir. 2002) (by applying for stay, petitioner interrupted the running of the time under Zadvydas); Evangelista v. Ashcroft, 204 F. Supp.2d 405, 409 (E.D.N.Y. 2002) (finding that petitioner's reliance on Zadvydas to be released from detention is "disingenuous" when sole reason being held is his requested stay of deportation); Yang v. Chertoff, No. 05-73098, 2005 WL 2177097, at *3 n. 6 (E.D. Mi. Sept. 8, 2005) ("when a stay of removal is entered by the reviewing court, the matter is effectively removed from a final removal order posture"); Haynes v. Dep't of Homeland Sec., No. 05-339, 2005 WL 1606321, at *3 (M.D. Pa. July 8, 2005) (concluding "when a stay of removal has been ordered, the ninety (90) day removal period begins to run only when the court entering the stay issues a 'final order' "); Hines-Roberts v. Ashcroft, 2003 WL 21305471 at *3 (D. Conn. Jun. 5, 2003) (stating that as a result of stay of deportation, Attorney General could not seek to bring about petitioner's

deportation, and therefore, period of detention does not raise due process issue presented in Zadvydas); Archibald v. INS, 2002 WL 1434391 at *8 (E. D. Pa. July 1, 2002) (because petitioner asked for and was granted stay of deportation, he is not being held in violation of Zadvydas, but rather held pursuant to the stay he requested).  The removal period begins to run on the date of the court's final order on the challenge to removal.  8 U.S.C. § 1231(a)(1)(B)(ii); see also 8 C.F.R. § 241.4(g)(1)(i)(B) (the pertinent Immigration and Naturalization Service regulations provide that the removal period "shall begin on the latest of the following dates: ... (B) If the . . .  court has ordered a stay of the alien's removal, the date on which, consistent with the court's order, the removal order can be executed. . . .").

Here, Jamai sought, and was granted, a stay of the removal order by the United States Court of Appeals for the Third Circuit.  This stay of removal remains in effect while the underlying petition for review is pending in the Court of Appeals. Thus, this court finds that, as the stay is still in effect, the presumptively-reasonable six-month period has not yet begun to run pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii).

Moreover, Jamai's continued detention is not in violation of his due process rights as long as his removal is reasonably foreseeable.  Significantly, he has provided no evidence that ICE or the Department of Homeland Security will be unable to remove him within a reasonable time following the resolution of his petition for review.  Accordingly, it appears that Jamai's continuing detention complies with the express provision of 8 U.S.C. § 1231(a)(1)(B)(ii).

Notwithstanding the foregoing, the court reminds Respondents that the Third Circuit

has held that "[w]hen detention [of an alien] is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable."  Ngo v. INS, 192 F.3d 390, 398 (3d Cir. 1999).  The fact that a stay of removal has been issued in this case should not change the result.  See Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003).  An alien not normally subject to indefinite detention, as in Zadvydas, should not be detained simply because he "seeks to explore avenues of relief" legally available to him; while the alien may be responsible for seeking a stay of removal, he is not responsible for the length of time such determinations may take.  See Ly, 351 F.3d at 272.  Custody reviews by immigration authorities are governed by 8 C.F.R. § 241.4(i), and may be guided by the procedural protections discussed by the Third Circuit in Ngo v. INS.

### III.  Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied.  An appropriate order will issue.

                                **BY THE COURT:**

                                **s/James M. Munley**
                                **JUDGE JAMES M. MUNLEY**
                                **United States District Court**

Dated:   October 16, 2015